UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLANE P. RONQUILLE | CIVIL ACTION |
| VERSUS | NO. 14-164 |
| AMINOIL INCORPORATED, ET AL. | SECTION "N" |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 19). For the reasons stated herein, **IT IS ORDERED** that Plaintiff's motion is **DENIED**. As stated below, **IT IS ORDERED** that, within ten days after the entry of this order, the parties are granted leave to apply to the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b), for an interlocutory appeal.

## BACKGROUND

On August 16, 2013, Plaintiff filed this suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against fourteen defendants seeking an award of damages for his alleged exposure to asbestos between the years of 1953-1982. See Rec. Doc. 1-3. On January 21, 2014, Defendant Shell Oil Company (Shell) removed the action, arguing that federal question jurisdiction exists pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b) and 28 U.S.C. §§ 1331, and that removal is authorized by 28 U.S.C. § 1441(a). See Rec. Doc. 1.

1

## LAW AND ANALYSIS

**I. Timeliness**

As an initial matter, the Court rejects Plaintiff's argument that Shell's removal was not timely. Generally, "[a] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading. . . ." 28 U.S.C. § 1446(b)(1). Section 1446(b)(3) additionally provides, however, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has been removable." *Id*.

Here, Plaintiff argues that the language used in his initial petition was sufficient to put Shell on notice that his asbestos exposure potentially arose out of activities relating to Shell's outer Continental Shelf (OCS) operations. The Court disagrees. The time limit set forth §1446(b)(1) is triggered only when the allegations of the initial pleading affirmatively reveal the basis of federal jurisdiction. See, e.g, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210-22 (5th Cir. 2002) (noting need for certainty and rejection of a due diligence requirement). Although the language used in the initial pleading referenced "platforms," it did not specifically refer to Shell's OCS operations. See Rec. Doc. 19-2. Nor was the OCS connection necessarily apparently from usage of that term. Given that Shell removed the action within 30 days of Plaintiff's December 19, 2013 deposition, during which Shell's OCS operations were expressly referenced, the Court concludes removal was timely.[1]

---

[1] See Rec. Docs. 31-1; *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (transcript of a deposition constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b)).

2

## II.     OCSLA Jurisdiction

The burden is on the party seeking to establish subject matter jurisdiction, who must prove it "by a preponderance of the evidence." *Young v. United States*, 727 F.3d 444, 446 (5th Cir. 2013). The applicable provision of the OCSLA, 43 U.S.C. §1349(b), states:

> . . . the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals. . . .

43 U.S.C. § 1349(b).

The Fifth Circuit has consistently interpreted this jurisdictional grant broadly, utilizing a "but-for" test in order to determine if a cause of action arises under OCSLA. See *In re Deepwater Horizon*, 745 F.3d 157, 163-64 (5th Cir. 2014); *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *Tenn. Gas Pipeline v. Hous. Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996); *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994). Specifically, when assessing OCSLA jurisdiction under 43 U.S.C. § 1349(b), federal courts consider whether "(1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation." *Deepwater*, 745 F.3d at 163. Contrary to Plaintiff's arguments, an "artificial limit based on situs" has been rejected. *Id.* at 164.[2]

---

[2]     See *Deepwater,* 745 F.3d at 164 (emphasizing the difference between OCSLA's choice of law (43 U.S.C. § 1333) and jurisdictional (43 U.S.C. § 1349) provisions and the issues raised by them. See also *In Re BP p.l.c. Securities Litigation*, 2012 WL 4739673 *5 (S.D. Tex. Oct. 1, 2012). ("The fact that section 1333 contains situs requirements only underscores that if Congress

The term "operation," though not expressly defined in OCSLA, has been explained as "the doing of some physical act on the OCS." *E.P. Operating Ltd. P'ship*, 26 F.3d at 567 (citing *Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202 (5th Cir. 1988)). The terms "exploration," "development," and "production," have been defined broadly "to encompass the full range of oil and gas activity from locating mineral resources through the construction, operation, *servicing and maintenance of facilities to produce those resources. Id.* at 568. (Emphasis added.).

In this case, it appears that at least part of the work that Plaintiff alleges caused his exposure to asbestos arose out of or in connection with Shell's OCS operations. See Rec. Doc. 32-1 at 18. Specifically, his work at the Venice land base included the unloading and loading of barges, other boats, and trucks that transported equipment and pipe from OCS platforms. See Rec. Docs. 31-1 and 31-2. Thus, as part of his employment, Plaintiff provided direct support for Shell Oil's rigs within that area, including the drilling activities of the COGNAC rigs and platform located on the OCS. See Rec. Doc. 31-1 at 2. Accordingly, although Plaintiff was not physically employed on the OCS itself, his work on and in support of the OCS structures and materials coming into the Venice land base provides a sufficient connection to the operations on the OCS. As such, the Court concludes Plaintiff's allegations of exposure to asbestos, as a result of his work at Shell Oil's Venice land base, satisfy the "but for" jurisdictional test utilized by the Fifth Circuit. *Deepwater*, 745 F.3d at 163.

Although Plaintiff argues that *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013), commands a different result, the Court disagrees.[3] Taken in context, the Court does not find

---

meant for section 1349(b)(1) to contain a situs requirement, it knew how to include one.").

[3] The *Barker* court stated: "To determine whether a cause of action arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the

the *Barker* court to have imposed a materially different standard from that discussed in *Deepwater*. Rather, the Court construes that particular articulation of the jurisdictional inquiry to consistently require only that the "facts underlying the complaint" – that is, the facts giving rise to the plaintiff's claim – be sufficiently connected to OCS operations.[4]

For the foregoing reasons, **IT IS SO ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 19) is hereby **DENIED**. Nevertheless, the Court is of the opinion that this Order and Reasons concerns "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[5] Therefore, **IT IS ORDERED** that, within ten days after the entry of

---

complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment." 713 F.3d at 213.

[4] Plaintiff additionally argues that a different result is compelled by the Court's decision in *Freeman v. Phillips 66 Co.*, No. 14-311, 2014 WL 1379786 (E.D. La. April 8, 2014) (Engelhardt, J.). *Freeman,* however, is distinguishable. There, the record contained no evidence that "any of the *alleged exposure occurred* on the OCS *or in connection with an operation on the OCS.*" *Id*. at 2. (Emphasis added). Further, the Court acknowledged the broad jurisdictional grant of OCSLA. And, in any event, the question of *which* jurisdictional test to utilize was not disputed.

[5] See 28 U.S.C.§ 1292(b)(emphasis in original), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof

this order, the parties are granted leave to apply to the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b), for an interlocutory appeal.

New Orleans, Louisiana, this 4th day of September 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**