UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLANE RONQUILLE | CIVIL ACTION |
| VERSUS | NO. 14-164 |
| AMINOIL, INC, ET AL. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment filed by Defendant McCarty Corporation ("McCarty") (Rec. Doc. 138). Having carefully reviewed the parties' opposing and supporting submissions, **IT IS ORDERED** that the motion is **DENIED**.

## LAW AND ANALYSIS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325

(1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888(1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in he record, and articulate" precisely how that evidence

supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

Applying the foregoing principles to the evidence adduced by the parties, the Court does not find McCarty, on the present showing made, to be entitled to the relief it seeks. At the outset, the Court notes that Plaintiff's burden at trial will be arduous, given the circumstantial nature of the entirety of the evidence offered in support of his claim against McCarty, and the multitude of evidentiary dots that must be connected for him prevail upon that claim. Nevertheless, given the present juncture of this matter, the Court finds the questions of whether and how Plaintiff was exposed to asbestos containing insulation supplied and/or installed by Defendant to be within the province of the trier of fact. Although far from incontrovertible, the evidence put forth by Plaintiff, in response to McCarty's motion, is sufficient to entitle Plaintiff to have the jury decide these questions.

Given the foregoing, McCarty's motion for summary judgment is denied. This ruling, however, is of course without prejudice McCarty's right to subject Plaintiff's witnesses to vigorous cross-examination and to request judgment in its favor, as a matter of law, at the conclusion of trial,

pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. At present, the Court simply finds that, on the showing made, Plaintiff is entitled to present evidence supporting his claims to the trier of fact.

New Orleans, Louisiana, this 23rd day of April 2015.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

Clerk to Copy:

Magistrate Judge Roby